**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4213**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DEMETRIUS ALVIN BANKS,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cr-00061-TDS-1)

Submitted:  February 17, 2021                Decided:  March 2, 2021

Before WYNN, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Amos G. Tyndall, AMOS TYNDALL PLLC, Carrboro, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Alvin Banks appeals the district court's order revoking his supervised release and sentencing him to 20 months' imprisonment. On appeal, Banks seeks to challenge the legality of the search and seizure that led to the discovery of his supervised release violation, arguing that, in violation of his Fourth Amendment rights, law enforcement obtained certain incriminating evidence that was used against him in the revocation proceeding. Thus, according to Banks, the district court should have suppressed this evidence.

Generally, under the exclusionary rule, the prosecution is prohibited from introducing at a criminal trial "evidence obtained in violation of a defendant's Fourth Amendment rights." *United States v. Stephens*, 764 F.3d 327, 335 (4th Cir. 2014) (internal quotation marks omitted). However, "the exclusionary rule does not apply in federal supervised release revocation proceedings." *United States v. Armstrong*, 187 F.3d 392, 393 (4th Cir. 1999). Because the disputed evidence was used in a revocation proceeding, not a criminal prosecution, we conclude that *Armstrong* forecloses Banks' attempt to suppress the evidence supporting the revocation of his supervised release.

Accordingly, we affirm Banks' revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*